**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SETH HERSHMAN** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | |
| | : | **NO.:  13-7639** |
| **MUHLENBERG COLLEGE** | : | |
| | : | |
| **Defendant.** | : | |

<u>**MEMORANDUM**</u>

**STENGEL, J.**                                            **April   24, 2014**

      Seth Hershman brings this action against Muhlenberg College, his alma mater, asserting violations of the Americans with Disabilities Act and negligent infliction of emotional distress.  Currently pending is the defendant's motion to dismiss.  For the reasons that follow, I will dismiss the NIED claim.  Otherwise, the motion is denied.

**I.**      **BACKGROUND**

      Seth Hershman, plaintiff, is a former student of Muhlenberg College, defendant.  In November 2010, Mr. Hershman began to suffer from depression and sought treatment at the college's counseling office.  The depression continued through the Spring semester of 2011.  On an unspecified date, Mr. Hershman and his parents met with college administrators to discuss Mr. Hershman's illness.  The administrators advised that Mr. Hershman would be able to graduate on time if he attended classes and completed coursework.

Mr. Hershman missed an unspecified number of classes due to his depression, and as a result, he did not satisfy the attendance requirement for one class.  Mr. Hershman met with the professor about his absences, but the professor refused to make any accommodation to allow the plaintiff to pass the class.  Since successful completion of the class was a graduation requirement, Mr. Hershman sought to substitute credit from another course to satisfy the prerequisite, but the department chair denied plaintiff's request.  Subsequently, Mr. Hershman and his parents met with the professor and administrators, but the administrators informed the Hershmans that Seth would fail the class unless he obtained a medical withdrawal.

Mr. Hershman was scheduled to graduate in May of 2011.  Since Mr. Hershman did not complete the required course, he was not eligible to graduate on time. Nonetheless, the administrators assured Mr. Hershman that he would be able to walk at commencement with no public indication the he was not receiving his diploma.  Mr. Hershman and his family attended the May 22, 2011 commencement ceremony.  Guests received a program listing the names of all the graduates.  There was an asterisk next to Mr. Hershman's name indicating a later graduation date.  Mr. Hershman ultimately received his diploma from Muhlenberg in October 2011after satisfying the graduation requirements.

## II.    STANDARD OF REVIEW

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . claim is and the grounds upon which it rests." <u>Bell</u>

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2).  Id. at 1965; Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89 (2007), and all reasonable inferences permitted by the factual allegations, Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff.  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007).  The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation."  Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted).  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiffs' claim is "plausible on its face," a complaint will survive a motion to dismiss. Bell Atlantic Corp., 127 S. Ct. at 1965, 1974; Victaulic Co. v. Tieman, 499 F.3d 227, 234-35 (3d Cir. 2007).

## III.   DISCUSSION

Mr. Hershman claims that Muhlenberg discriminated against him for failing to make reasonable accommodations for his disability.  Discrimination under the Americans

with Disabilities Act includes not only adverse actions, but also failure to make reasonable accommodations.  *See* Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 311 (3d Cir. 1999) (interpreting a Title I employment discrimination claim).  A student alleging that his college failed to accommodate his disability as required by Title III of the ADA must establish "(1) that the plaintiff is disabled and otherwise qualified academically, (2) that the defendant is a private entity that owns, leases or operates a place of public accommodation (for ADA purposes) ..., and (3) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation."  Schneider v. Shah, 507 F. App'x 132 (3d Cir. 2012) (citing Mershon v. St. Louis Univ., 442 F.3d 1069, 1076 (8th Cir.2006); Victor v. State, 4 A.3d 126, 142–43 (N.J. 2010)).[1]  I will first address whether Mr. Hershman was otherwise qualified academically.  Then, I will turn to the college's alleged failure to accommodate.[2]

Muhlenberg argues that Mr. Hershman was not qualified because his requested accommodation was unreasonable.  The college's analysis is flawed.  A student is qualified if he "is able to meet all of a program's requirements in spite of his handicap."

---

[1] Plaintiff notes that it is not clear whether a Title III plaintiff must plead that he is "otherwise qualified."  Congress limited the protections of Title I (employment) and Title II (public services) of the ADA to "qualified individuals."  On the other hand, Title III provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of … a place of public accommodation."  *Compare* 42 U.S.C. § 12182 (Title III) *with* §12112 (Title I); §12132 (Title II).  "Where Congress has used language in one provision but excluded it from another, [a court] must generally ascribe meaning to the exclusion."  Brownstein v. Lindsay, 742 F.3d 55, 76 (3d Cir. 2014).  Nonetheless, several courts have implied a requirement that a Title III plaintiff plead that he was otherwise qualified.  *See* Shepherd v. U.S. Olympic Comm., 464 F. Supp. 2d 1072, 1090-1 (D. Colo. 2006) (collecting cases) *aff'd sub nom.* Hollonbeck v. U.S. Olympic Comm., 513 F.3d 1191 (10th Cir. 2008).  To date, the Third Circuit's non-precedential opinion in Schneider is the only guidance I have on the issue.  But as I find that Mr. Hershman was qualified to attend and graduate from Muhlenberg, it is unnecessary to predict whether the Third Circuit would require a Title III plaintiff to plead that he was "otherwise qualified."

[2] Muhlenberg does not dispute Mr. Hershman's disability or that it is a covered entity.

4

*See* Southeastern Community College v. Davis, 442 U.S. 397, 406 (1979) (interpreting analogous provisions of the Rehabilitation Act); *See also* McDonald v. of PA Dep't. of Pub. Welfare, 62 F.3d 92, 95 (3d Cir. 1995) ("Whether suit is filed under the Rehabilitation Act or under the Disabilities Act, the substantive standards for determining liability are the same.").  Mr. Hershman's proposed modification does not factor into the analysis of this element.  According to the complaint, Mr. Hershman successfully completed his course of study and received a diploma from Muhlenberg in October of 2011.  He did so without any accommodations.  These facts establish that Mr. Hershman was otherwise qualified.

Next, Muhlenberg contends that it did not fail to accommodate Mr. Hershman because granting Mr. Hershman's request to substitute classes would substantially modify the curriculum.  A covered entity need not "fundamentally alter" the services it provides to accommodate a disabled individual.  42 U.S.C. § 12182(b)(2)(A)(ii). [3] However, whether a requested modification would work a fundamental alteration requires a fact intensive inquiry.  PGA Tour, Inc. v. Martin, 532 U.S. 661, 688 (2001) ("[A]n individualized inquiry must be made to determine whether a specific modification for a particular person's disability would be reasonable under the circumstances as well as necessary for that person, and yet at the same time not work a fundamental alteration.").

---

[3]  According to the ADA, discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, **unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations**."  42 U.S.C.A. § 12182(b)(2)(A)(ii) (emphasis added).

As this case demonstrates, it is usually inappropriate to resolve the issue on a motion to dismiss.

I lack critical facts to determine whether the requested substitution would fundamentally alter the college's services.  I do not know, *inter alia*, Mr. Hershman's major, the nature of the course from which he withdrew or the nature of the course which Mr. Hershman wished to substitute.  Furthermore, Muhlenberg completely ignores that the professor refused to make an accommodation which would allow Mr. Hershman to pass the subject class.  Therefore, I have no basis to evaluate whether the professor's failure to accommodate was reasonable.  I will deny Muhlenberg's motion to dismiss Mr. Hershman's ADA claims.[4]

In his second count, Mr. Hershman claims that the college is liable for negligent infliction of emotional distress (NIED), because the college noted in the commencement program that Mr. Hershman would be receiving his diploma at a later date.  Since this claim is based on state law, I must apply the law as interpreted by the Pennsylvania Supreme Court.  McKenna v. Pac. Rail Serv., 32 F.3d 820, 825 (3d Cir. 1994) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Colantuno v. Aetna Ins. Co., 980 F.2d 908, 909 (3d Cir.1992)).  The parameters of an NIED claim in Pennsylvania are currently unresolved.  *See* Toney v. Chester County Hospital, 36 A. 3d 83 (Pa. 2011).  But even giving plaintiff the most generous interpretation of the law, he has failed to plead a plausible NIED claim.

---

[4] For these same reasons, I am also unpersuaded that failure to accommodate Mr. Hershman's disability is an academic decision entitled to deference.  The college will have leave to raise these arguments again on a more fully developed record.

The Pennsylvania Supreme Court has recognized three types of NIED claims.  A plaintiff can recover for NIED when: 1.) plaintiff suffers a physical injury which causes the emotional distress, *See* Kazatsky v. King David Mem'l Park, Inc., 527 A.2d 988, 992 (1987) (collecting cases); 2.) plaintiff did not suffer a personal impact but was in the zone of danger, Niederman v. Brodsky, 261 A.2d 84 (Pa. 1970); or 3.) plaintiff witnesses an accident causing serious injury to a close family member.  Sinn v. Burd, 404 A.2d 672 (1979).  Plaintiff's allegations do not fit within any of these recognized claims.  Rather, he argues that there was a special relationship and the college had a duty "not to inflict foreseeable emotional distress upon [him]."  Pl.'s Resp., Doc. No. 10, 10.  While the Pennsylvania Superior Court has found that an NIED claim can be based on the breach of a contractual or fiduciary duty, *e.g.*, Doe v. Philadelphia Cmty. Health Alternatives AIDS Task Force, 745 A.2d 25, 27 (Pa. Super. Ct. 2000) aff'd, 767 A.2d 548 (2001), Toney causes me to question the continued viability of such claims.

The defendants in Toney performed an ultrasound on the plaintiff during the 23rd week of her pregnancy.  36 A. 3d at 85.  The doctors reported that the screening looked normal.  Id.  However, Ms. Toney delivered a child with "several profound physical deformities" causing her extreme emotional distress.  Id.  She claimed that the doctors were liable under a theory of NIED because they failed to detect the deformities during the ultrasound.  Id.  Had the doctors warned her, she argued, she would have prepared herself for the shock of seeing her son's condition.  Id.  The trial court dismissed the complaint because plaintiff did not allege that misreading the ultrasound caused her distress; rather, it was the sight of the deformities.  Id. at 87.  The Superior Court reversed

finding, "plaintiff properly pled that her injuries were a foreseeable result of a breach of the duty of care owed by a medical provider to a patient." Id.

On allocatur, the Supreme Court was evenly divided.[5]  Accordingly, the Superior Court decision was affirmed, and the Supreme Court opinion has no precedential value. Weiley v. Albert Einstein Med. Ctr., 51 A.3d 202, 217 n. 16 (Pa. Super. Ct. 2012) (citing Commonwealth v. Dorman, 547 A.2d 757, 761 (Pa. Super. Ct. 1988)).  However, the opinion is persuasive authority.  Id.  The justices who wrote in support of affirmance would have limited the reach of NIED claims "to preexisting relationships involving duties that **obviously and objectively** hold the potential of deep emotional harm in the event of breach." Toney, 36 A.3d at 95 (emphasis added).  Special relationships which may trigger NIED liability "must encompass an implied duty to care for the plaintiff's emotional well-being." Id.  Furthermore, compensable emotional harm is not the type of harm that "a reasonable person is expected to bear." Id.  Rather, actionable emotional distress is a "visceral and devastating assault on the self...resembl[ing] physical agony in its brutality." Id. (citing Gregory C. Keating, *Is Negligent Infliction of Emotional Distress a Freestanding Tort?* 44 Wake Forest L. Rev. 1131, 1174 (2009)).

It is a close question whether the Pennsylvania Supreme Court will ever rule that a claim for NIED may be based on the breach of a special relationship.[6]  If the Supreme

---

[5] Justice Orie Melvin recused herself as she was on the Superior Court panel which considered Toney.  Interestingly, Justice Orie Melvin dissented from the Superior Court opinion and would have affirmed the trial court.  Toney, 36 A. 3d at 87-8.

[6] Pennsylvania Courts are split as to whether the Supreme Court will approve of NIED claims based on the breach of a special relationship.  *Compare* Weiley, 51 A.3d at 217-18 *with* Rehman v. Shadyside, GD-12-023253, 2014 WL 786740 (C.P. Allegheny Jan. 15, 2014); Vukman v. Safeguard Properites, Inc., GD-12-005133, 2012 WL 9189671

Court were to permit special relationship NIED claims, I predict it would do so by adopting the narrow grounds announced by the lead justices in <u>Toney</u>.  I come to this conclusion based on the rulings of the Commonwealth's intermediate appellate and trial courts since <u>Toney</u>.  *See* <u>McKenna</u>, 32 F.3d at 825 (citations omitted).  These courts have allowed special relationship NIED claims only between doctors and patients and an adoption agency and adoptee parents.[7]  Otherwise, courts have refused to extend NIED liability any further.[8]

Applying <u>Toney</u>, Mr. Hershman's NIED claim fails as a matter of law.  I find that the relationship between a college and its students does not obviously hold the potential of deep emotional harm.  But more compelling, the emotional distress here is not the type of visceral or agonizing pain which <u>Toney</u> suggested would be compensable.  Certainly, publication of one's failure to complete his graduation requirements is embarrassing, but

(C.P. Allegheny Sept., 21, 2012); <u>Yocabet v. UPMC Presbyterian</u>, GD-11-019112, 2012 WL 9188223 (C.P. Allegheny Feb. 17, 2012).

[7] <u>Nicholson-Upsey v. Touey</u>, No. 091104525, 2013 WL 2321116 (C.P. Philadelphia May 6, 2013) (doctor / patient); <u>Mulawka v. Pennsylvania</u>, 11-CV-1651, 2013 WL 171911 (W.D. Pa. Jan. 16, 2013) (EMS technician / patient); <u>Madison v. Bethanna, Inc.</u>, 12-CV-01330, 2012 WL 1867459 (E.D. Pa. May 23, 2012) (adoption agency and adoptee parents).

[8] <u>Black v. Cmty. Educ. Centers, Inc.</u>, 13-CV-6102, 2014 WL 859313 (E.D. Pa. Mar. 4, 2014) (no NIED liability in employer / employee relationship); <u>Hawkins v. Fed. Nat. Mortgage Ass'n</u>, 13-CV-6068, 2014 WL 272082 (E.D. Pa. Jan. 23, 2014) (no NIED liability in lender / borrower relationship); <u>Yarnall v. Philadelphia Sch. Dist.</u>, 11-CV-3130, 2013 WL 5525297 (E.D. Pa. Oct. 7, 2013) (no NIED liability between a union and its members); <u>Grimaldi v. Bank of Am.</u>, 12-CV-2345, 2013 WL 1050549 (M.D. Pa. Mar. 14, 2013) (no NIED liability in lender / borrower relationship); <u>Okane v. Tropicana Entm't, Inc.</u>, 12-CV-6707, 2013 WL 56088 (E.D. Pa. Jan. 3, 2013) (no NIED liability in casino / patron relationship); <u>Emekekwue v. Offor</u>, 1:11-CV-01747, 2012 WL 1715066 (M.D. Pa. May 15, 2012) (No NIED liability between ethnic group organization and one of its members); <u>Shulick v. United Airlines</u>, 11-CV-1350, 2012 WL 315483 (E.D. Pa. Feb. 2, 2012) (no NIED liability between an airline and its passengers); <u>Weiley</u>, 51 A.3d at 218 (no special relationship between decedent's son and the hospital where father died); <u>Trotta v. Luckinbill</u>, 12-cv-3062, 2014 WL 353817 (C.P. Lycoming January 13, 2014) (no NIED liability in contractor / building owner relationship); <u>Healey v. Fargo</u>, 11-CV-3340, 2012 WL 994564 * n13 (C.P. Lackawana, March 20, 2012) (no NIED liability in lender / borrower relationship).

this is the kind of harm that reasonable people are expected to bear.  *Contra* <u>Madison v.</u> <u>Bethanna, Inc.</u>, 12-CV-01330, 2012 WL 1867459 (E.D. Pa. May 23, 2012) (court allowed adoptee parents to sue adoption agency for emotional distress caused when adopted son raped two year old daughter and agency had not disclosed adopted son's history of sexual abuse).  Accordingly, the distress here is not actionable, and I will grant the motion to dismiss Mr. Hershman's NIED claim.

## IV.    CONCLUSION

For the foregoing reasons, Muhlenberg College's motion to dismiss is granted in part and denied in part.  Mr. Hershman may pursue discovery on his ADA claim.  On the other hand, Mr. Hershman does not plausibly establish an NIED claim.  Therefore, I will dismiss count two of the complaint.

An appropriate order follows.